1  BENJAMIN B. WAGNER
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant U.S. Attorney
3  4401 Federal Building
   2500 Tulare Street
4  Fresno, CA 93721
   Telephone: (559)497-4000
5



6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  UNITED STATES OF AMERICA,          )   CASE NO. 1:12-cr-00013 AWI-DLB
                                       )
12                   Plaintiff,        )   DEFERRED PROSECUTION AGREEMENT
                                       )
    v.                                 )
13                                     )
    STEVEN BUSTAMANTE,                 )
14                                     )
                     Defendant.        )
15  _____)

16                                 .

17       The United States of America, by and through Benjamin B. Wagner,

18  the United States Attorney for the Eastern District of California,

19  and Assistant United States Attorney Kimberly A. Sanchez; and

20  defendant STEVEN BUSTAMANTE ("Bustamante"), and his attorney, Harry

21  M. Drandell, hereby enter into this Deferred Prosecution Agreement

22  ("Agreement"):

23       1. This document contains the complete Agreement between the

24  United States Attorney's Office for the Eastern District of

25  California ("United States") and defendant Bustamante regarding this

26  case. This Agreement is limited to the United States Attorney's

27

28

                                    1

1   Office for the Eastern District of California and cannot bind any
2   other federal, state, or local prosecuting, administrative, or
3   regulatory authorities.

4        2. Defendant Bustamante accepts and acknowledges responsibility
5   for his conduct, as stated in the Factual Statement set forth at
6   paragraph 11 of this Agreement, and also accepts the accuracy of that
7   Factual Statement.

8        3. Defendant Bustamante expressly agrees:

9            (a) He will comply with all federal, state, and local
10           laws.  He shall immediately contact his Pretrial supervisor
11           if arrested and/or questioned by any law enforcement
12           officer;

13           (b) He will reside at a residence approved by Pretrial
14           Services and not move or absence himself from that
15           residence for more than 24 hours without prior approval
16           from Pretrial Services.

17           (c) He shall report to his Pretrial Services Officer as
18           directed and keep him/her informed of your whereabouts;
19           (d) He shall follow the program and comply with the
20           conditions set forth.

21           (e) He shall seek and maintain employment and provide
22           verification as directed by Pretrial Services and he shall
23           provide a monthly job search list to Pretrial Services
24           until employed, and/or maintain full-time student status,
25           at the discretion of his Pretrial Services supervisor.

26       4. In consideration of defendant Bustamante's background, his
27   role in the instant offense, and his willingness to:(i) acknowledge
28   responsibility for his conduct, as detailed in the Factual Statement,

2

1  and (ii) demonstrate his future good conduct and full compliance with
2  all federal, state, and local laws; the United States shall recommend
3  to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of
4  defendant Bustamante on the Indictment be deferred for a period of no
5  more than eighteen (18) months.[1] Defendant Bustamante shall consent
6  to a motion to be filed by the United States with the Court promptly
7  upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2),
8  in which the United States will present this Agreement to the Court
9  and move for (i) a continuance of all further criminal proceedings,
10 including trial, for a period of not more than eighteen (18) months,
11 (ii) speedy trial exclusion of all time covered by such a
12 continuance, and (iii) approval by the Court of this deferred
13 prosecution.

14      5.   Defendant Bustamante, as an express condition of this
15 Deferred Prosecution Agreement, agrees to cooperate with the
16 government in the investigation and prosecution of other individuals
17 associated with the theft, possession, and disposition of 26 AK-74
18 machineguns stolen from Fort Irwin U.S. Army Base on July 15, 2012,
19 and the investigation or prosecution of other individuals who were
20 engaged with him in similar conduct, including those individuals from
21 whom he obtained information and/or instruction.  This cooperation
22 shall include, but is not limited to: (1) responding truthfully and
23 completely to all questions posed by the government, whether in
24 interviews, in correspondence, or telephone conversations; (2)

---

[1] The United States understands that Pretrial Services may
recommend that early termination be considered and evaluated once Mr.
Bustamante has successfully completed 12 months of the diversion
program described herein.

3

1   attending all meetings at which the government requests the
2   defendant's presence; (3) producing voluntarily any and all
3   documents, records, or other tangible evidence requested by the
4   government; (4) testifying truthfully before federal and state grand
5   juries; (5) testifying truthfully in any and all state and federal
6   Court proceedings if called as a witness by local, state and federal
7   government prosecutors; and (6) not to participate in any criminal
8   activity while cooperating with the government.

9       If the government learns that the defendant has committed any
10   crime while subject to this Agreement, or if any of the defendant's
11   statements or testimony prove to be knowingly false, misleading, or
12   materially incomplete, or if the defendant refuses to cooperate with
13   the United States, or if the defendant otherwise violates this
14   Agreement in any way, the government will no longer be bound by its
15   representations to the defendant concerning the limits on criminal
16   prosecution and sentencing as set forth herein.  The determination
17   whether the defendant has violated this Agreement will be under a
18   probable cause standard.

19       6.   Defendant Bustamante further agrees to waive, and does
20   hereby expressly waive, any and all rights to a speedy trial pursuant
21   to the Sixth Amendment of the United States Constitution, Title 18,
22   United States Code, Section 3161, Federal Rule of Criminal Procedure
23   48(b), and any applicable Local Rules of the United States District
24   Court for the Eastern District of California, for the period of time
25   that this Agreement is in effect.

26       7.   Defendant Bustamante hereby further expressly agrees that
27   any applicable statutes of limitations are tolled, and shall not run,
28   for the time period in which this Agreement is in effect. Defendant

4

1 Bustamante agrees that, if the United States institutes charges
2 following a breach of this Agreement, the time period in which this
3 Agreement is in effect shall be excluded, and shall not count for
4 purposes of determining the running of any applicable statute of
5 limitations.

6     8.   Defendant Bustamante also agrees that, in the event of a
7 breach of this Agreement, the government will be free to use against
8 defendant, directly and indirectly, in any criminal or civil
9 proceeding, any of the statements, information, and/or materials
10 provided by defendant pursuant to this Agreement.

11     9.   The United States agrees that, if defendant Bustamante is in
12 full compliance with all of his obligations under this Agreement,
13 upon the expiration of the twelve (12) month period set forth in
14 paragraph 4 above, within thirty (30) days of the expiration of such
15 time period the United States shall seek dismissal with prejudice, as
16 to defendant Steven Bustamante, of the Indictment, Case Number 1:12-
17 CR-00013 AWI-DLB.

18     10.   Defendant Bustamante understands that this Agreement to
19 defer prosecution is subject to approval by the Court, in accordance
20 with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a
21 deferred prosecution for any reason, the United States and defendant
22 Bustamante are released from any obligation imposed upon them by this
23 Agreement.

24     11.   Should the United States determine during the term of this
25 Agreement that defendant Bustamante has committed any crime commenced
26 subsequent to the date of this Agreement, the defendant shall, in the
27 sole discretion of the United States, thereafter be subject to
28 prosecution for any federal crimes, as well as forfeiture of assets

5

1  used in and/or divestiture of profits derived from defendant's
2  criminal conduct.

3       12.  Except in the event of a breach of this Agreement, the
4  United States agrees that it will not bring any additional charges
5  against defendant Bustamante arising from the facts contained in the
6  Factual Statement set forth in the following paragraph. Defendant
7  Bustamante understands and acknowledges that this Agreement does not
8  relate to or cover any conduct by defendant Bustamante other than the
9  conduct set forth in the Factual Statement.

10      13.  Defendant Bustamante agrees that the following are the
11 facts of this case that, if proved by the government beyond a
12 reasonable doubt and believed by a jury, would be sufficient to
13 constitute the crime Conspiracy to Obstruct Justice, although he
14 acknowledges that, as to other facts, the parties may disagree:

15      On July 15, 2011, John Rodriguez and two other military police
    officers stole 26 fully automatic German-made AK-74 machineguns from
16 an Army installation at Fort Irwin, California.  Shortly after the
    theft, John Rodriguez and Harvey DelValle (one of the other two MP's)
17 drove the stolen guns to Fresno, California.  They went to Nathaniel
    Granados's residence where they showed Nathaniel Granados and
18 Bustamante the guns, and told them they were looking for buyers.
    Bustamante knew that the guns were stolen and that they were fully
19 automatic.  Bustamante went to a party and found Noe Ramos as a
    potential buyer.  Bustamante got Ramos in touch with John Rodriguez,
20 who then along with Harvey DelValle, met with Ramos and Bustamante.
    They made arrangements to sell two of the stolen machineguns to
21 Ramos.  Rodriguez, DelValle and Bustamante traveled in one car in
    tandem with a car driven by Ramos to Ramos's residence.  Ramos,
22 Rodriguez and DelValle went inside of the residence.  Shortly after,
    Ramos came back out of the residence and returned the green duffle
23 bag that had contained the machineguns to Rodriguez, but the duffle
    bag was now empty.
24      Although Mr. Bustamante has no independent knowledge of the
    following, he does not dispute that the government would present such
25 facts if this case had proceeded to trial:
        One of the machineguns that was the subject of the purchase by
26 Ramos was later recovered.  Ramos had enlisted the help of Mustafa
    Mitchell to sell the guns.  Mitchell found Pedro Ceratto to purchase
27 the guns.  Mitchell knew that Ceratto was looking for machineguns, as
    Mitchell had sold at least one gun to Ceratto previously.
28 Subsequently, Ramos, Mitchell and a friend bought one of the two

6

1  machineguns back from Ceratto, but Ceratto had already sold the other
2  machinegun to a yet to be identified hispanic male in Madera,
   California.

3      14.   This Agreement sets forth all the terms of the Deferred
4  Prosecution Agreement between the United States and defendant Steven
5  Bustamante.  Other than this Agreement, no agreement, understanding,
6  promise, or condition exists between the United States and defendant
7  Bustamante. Nor will any such agreement, understanding, promise, or
8  condition exist unless it is committed to writing and signed by the
9  defendant, counsel for said defendant, and counsel for the United
10 States.  This Agreement supersedes any prior promises, agreements, or
11 conditions between the United States and defendant Steven Bustamante.

12     15.   This Agreement is freely and voluntarily made and is not
13 the result of force or threats, or of any promises apart from those
14 specifically set forth in this Agreement.

15     16.   Defendant Bustamante agrees that this Agreement, and an
16 Order deferring prosecution, shall be publicly filed with the United
17 States District Court for the Eastern District of California, and
18 shall become a part of the record of the case.

19                    APPROVALS AND SIGNATURES

20     A.   STEVEN BUSTAMANTE: I, Steven Bustamante, hereby expressly
21 acknowledge the following: (1) I have read this entire Agreement;
22 (2) I have had an opportunity to discuss this Agreement fully and
23 freely with my attorney; (3) I fully and completely understand each
24 and every one of its terms; (4) I am fully satisfied with the advice
25 and representation provided to me by my attorney; and (5) I have
26 signed this agreement voluntarily.

27

28 Dated: 3/7/12

                                                         7

1     STEVEN BUSTAMANTE

2

3         B.    Defense Counsel: The undersigned is counsel for STEVEN

4    BUSTAMANTE. In connection with such representation, I acknowledge

5    that: (1) I have discussed this Agreement with my client; (2) I have

6    fully explained each one of the Agreement's terms to my client; (3) I

7    have fully answered each and every question put to me by my client

8    regarding the Agreement; and (4) I believe my client completely

9    understands all of the Agreement's terms.

10   Dated:     3 - 7 - 12

11                                       HARRY M. DRANDELL
                                         Attorney for Steven Bustamante
12
          C.    Attorney for United States: I accept and agree to this
13
     Agreement on behalf of the government.
14

15   Dated: 3-12-12
                                         BENJAMIN B. WAGNER
16                                       United States Attorney

17                                       By:
                                         KIMBERLY A. SANCHEZ
18                                       Assistant U.S. Attorney

19        D.    Pretrial Services Officer: I accept and agree to this

20   Agreement on behalf of the Pretrial Services Office.

21

22   Dated: 03/15/2012
                                  DANNY  DANIEL STARK
23                                       Pretrial Services Officer

24        E.    United States District Court: The Court approves of this

25   agreement.

26

27   Dated:  3-15-12                     ANTHONY W. ISHII
                                         U.S. District Court Judge
28

                                    8